**Bernard GAITEN, Petitioner,**

v.

**Donald W. STAHL, and the State of North Carolina, Respondents.**

Civ. A. No. 2811.

United States District Court,
W. D. North Carolina,
Charlotte Division.

Jan. 10, 1972.

Richard F. Harris, III, Hicks & Harris, Charlotte, N. C., for petitioner.

Charles A. Lloyd, Staff Atty., Raleigh, N. C., for respondents.

## ORDER

McMILLAN, District Judge.

On June 3, 1971, 327 F.Supp. 415, an order was entered by this court directing defendants to release the petitioner or to give him a new trial, and to advise the court within sixty days which course they elected to follow. The defendants have not made such election. Instead, they gave notice of appeal and moved for an order staying the enforcement of the order. The motion was denied; the defendants were directed to give immediate consideration to bail; and the court is advised that bail has been fixed in the amount of One Thousand Dollars ($1,000.00) and that the petitioner has been unable to post bail.

Gaiten has already served more than two years of a five-year sentence; assuming good behavior he may by this time be eligible for parole; and unless the appeal is concluded with rare dispatch, the case may well become moot as far as any practical benefit to Gaiten is concerned. Furthermore, since June 3, 1971, the time Gaiten has been serving has been for a conviction held by this court to be unconstitutional. He is not in jail awaiting a retrial.

Without passing on the reasonableness of the bail, it is obvious that it is the bail requirement which is keeping Gaiten in prison under circumstances where a defendant with some money to buy a bail bond would have been able to get out of prison many months ago.

Under the circumstances this court would prefer to err if at all on the side of protecting constitutional rights than on the side of insuring attendance of the petitioner at a trial which the state has not even indicated it intends to conduct, or at the prison in the event the appellate court decides this court's order was erroneous.

The defendants are directed to release the petitioner immediately on a personal recognizance bond of One Thousand Dollars ($1,000.00), pending a decision and order on the merits of the state's appeal to the Fourth Circuit Court of Appeals.